```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

RASHAD CUNNINGHAM,                    )
                                      ) Civil Action
            Petitioner,               ) No.  07-cv-4237
                                      )
       vs.                            )
                                      )
                                      )
JOHN KERESTES,                        )
THE DISTRICT ATTORNEY OF              )
     THE COUNTY OF PHILADELPHIA, and  )
THE ATTORNEY GENERAL OF               )
     THE STATE OF PENNSYLVANIA,       )
                                      )
            Respondents               )

## O R D E R

NOW, this 17th day of March, 2011, upon consideration of the following documents:

    (1) Pro se Petition for Writ of Habeas Corpus by a Person in State Custody filed October 10, 2007 by petitioner ("Petition")(Document 1);

    (2) Motion to Stay and Hold Habeas Corpus Petition in Abeyance Pending Further Exhaustion of State Remedies, which motion was filed December 24, 2007 by petitioner (Document 6);

    (3) Response to Petition for Writ of Habeas Corpus, which response was filed March 27, 2008 by respondents (Document 12);

    (4) Petitioner's Traverse to Respondents Answer to the Petition of for Writ of Habeas Corpus, which traverse was filed June 30, 2008 (Document 15);

    (5) Reply to Petitioner's Traverse to Respondents' Answer to the Petition for Writ of Habeas Corpus, which reply was filed July 2, 2008 by respondents (Document 16);

(6) Report and Recommendation of United States Magistrate Judge David S. Strawbridge filed August 19, 2008 ("R&R")(Document 17);

(7) Petitioner's Objections to Magistrate's Report and Recommendation, which objections were filed October 15, 2008 ("Objections")(Document 20); and

(8) Response to Petitioner's Objections to the Magistrate Judge's Report and Recommendation, which response was filed October 16, 2008 by respondents (Document 21);

it appearing after de novo review of this matter that Magistrate Judge Strawbridge's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,[1]

---

[1] When objections to a report and recommendation of a magistrate judge are filed, I am required to make a de novo determination of those portions of the report, findings, or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the proposed findings and conclusions made by the magistrate judge. I may accept, reject, or modify, in whole or in part, any of those findings or recommendations. Raddatz, supra.

Petitioner is incarcerated at State Correctional Institution SCI-Mahanoy in Frackville, Pennsylvania, serving an aggregate sentence of not less than 21 years nor more than 42 years, imposed by the Court of Common Pleas of Philadelphia County after a jury convicted him of six counts of robbery and single counts of conspiracy and aggravated assault.

Here, petitioner raises a number of objections to the Report and Recommendation of United States Magistrate Judge David R. Strawbridge. Each will be addressed in turn. The factual and procedural history underlying petitioner's request for federal habeas relief is well summarized in the R&R at pages 2-9, and is incorporated here.

(Footnote 1 continued):

──────────────────

(Continuation of footnote 1):

        Petitioner's first objection argues that he has satisfied the presentation requirement for his federal due process claim by stating, in his Petition for Allowance of Appeal in the Supreme Court of Pennsylvania, that his "case presents this court with the opportunity to further clarify a defendant's rights to receive [a] fair trial." (Objections, page 2.) Assuming, without deciding, that this "fair trial" reference constituted an assertion "in terms so particular as to call to mind a specific right protected by the Constitution," McCandless v. Vaughn, 172 F.2d 255, 262 (3d Cir. 1999), I note that the reference first appeared in petitioner's application to the Supreme Court of Pennsylvania, and was not presented to the Superior Court of Pennsylvania on direct appeal.

        A prisoner is required to "present his federal habeas claims at *all* levels of state court adjudication." Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002) (citing Picard v. Connor, 404 U.S. 270, 275-276, 92 S.Ct. 509, 512-513, 30 L.Ed.2d 438, 443-444 (1971))(emphasis added). Because petitioner did not assert this federal due process claim at all levels of the state-court adjudication, but only in a petition seeking discretionary review from the Supreme Court of Pennsylvania, he has not "fairly presented" the claim in state court. Id. Therefore, I overrule his first objection.

        Petitioner's second objection appears to contain two alternative arguments. First, petitioner avers that the magistrate judge erred in rejecting petitioner's claim that he was deprived of a fair trial because of the trial judge's response to questions asked by jurors during deliberations. The jurors' questions concerned the identification of petitioner by one of the victims. Petitioner asserts that he fairly presented this due process claim through the "fair trial" reference in his Petition for Allowance to Appeal to the Pennsylvania Supreme Court.

        Alternatively, petitioner contends that his juror-question issue should not be treated as procedurally defaulted, because his appellate counsel was ineffective for failing to raise that issue on direct appeal. He appears to suggest that his PCRA counsel was similarly ineffective.

        For the reasons set forth above regarding the first objection, I conclude that petitioner's juror-question issue was not fairly presented in state court. Regarding his alternative argument, I conclude that petitioner has waived his ineffective assistance of counsel claim by failing to raise this issue on direct appeal, and has not shown cause and actual prejudice to excuse this default. See Alexander v. Tennis, 2010 WL 785332, at *4-5 (E.D.Pa. March 2, 2010)(Golden, J.)(citing 42 Pa.C.S.A. § 9544(b); Sistrunk v. Vaughn, 96 F.3d 666, 671 n.4 (3d Cir. 1996)).

        Ineffective assistance by direct-appeal counsel may excuse a procedural default only if the ineffective assistance claim against direct appeal counsel is first presented in state court. White v. Cameron, 2008 WL 4861154, at *6 (E.D.Pa. November 6, 2008)(Gardner, J.)(citing Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518, 524 (2000)).

(Footnote 1 continued):

(Continuation of footnote 1):

        Here, petitioner cannot show cause for the default because he has not raised any claim of ineffective assistance by direct appeal counsel during his state proceedings, and he raises such a claim for the first time only in his Objections. Even the habeas petition refers exclusively to ineffectiveness of "Petitioner's trial counsel." (Petition at page 9, "Ground D"). Therefore, to the extent petitioner's direct-appeal counsel may have been ineffective, that cannot serve as cause to excuse petitioner's procedural default on his federal due process claim asserted in the present proceedings regarding the trial court's response to the jurors' questions. See White, supra. Accordingly, I overrule petitioner's second objection.

        Petitioner's third objection similarly argues that the "fair trial" reference in his Petition for Allowance of Appeal to the Pennsylvania Supreme Court placed the state court on notice of the federal nature of his challenge to the sentence imposed at trial and thereby satisfied the fair presentation requirement for exhaustion. For the reasons discussed above in relation to petitioner's first objection, this argument is without merit, and his third objection is overruled.

        Fourth, petitioner objects to the conclusion of Magistrate Judge Strawbridge that petitioner's speedy trial claim is procedurally defaulted. Specifically, petitioner argues that the state court was put on notice of the federal nature of his speedy trial claim because "the state law relied upon employs constitutional analysis in like fact situations" and implicates Klopfen v. North Carolina, 386 U.S. 213, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967), and Wells v. Petsock, 941 F.3d 253 (3d Cir. 1991). See Petitioner's Objections at pages 3-4. This objection merely restates the argument set forth in plaintiff's Traverse, which was considered by Magistrate Judge Strawbridge. Therefore, I overrule plaintiff's fourth objection.

        Petitioner's fifth and sixth objections both argue that the magistrate judge erred in concluding that the state court reasonably applied the Stickland standard for ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). However, petitioner offers no reasoning in support of these objections. Such vague and conclusory allegations will not warrant habeas review. Zettlemayer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991).

        Moreover, de novo review confirms that the state court reasonably applied Strickland to plaintiff's theories regarding trial counsel's ineffectiveness in failing to (1) call a defense witness at trial, and (2) file a post-trial motion challenging the weight of the evidence. On petitioner's first ineffectiveness theory, the state Superior Court concluded that petitioner failed to present sufficient facts regarding the substance of the proposed witness's testimony, see Commonwealth v. Khalil, 806 A.2d 415, 422 (Pa.Super. 2002), and, therefore, the requisite finding that petitioner was prejudiced by counsel's failure to call the witness at trial is unsupported. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

(Footnote 1 continued):

IT IS ORDERED that Magistrate Judge Strawbridge's Report and Recommendation is approved and adopted.

IT IS FURTHER ORDERED that petitioner's objections to Magistrate Judge Strawbridge's Report and Recommendation are overruled.

---

(Continuation of footnote 1):

Petitioner's second ineffectiveness theory also fails. The Superior Court determined that the verdict did not "shock the court's sense of justice," as would be required to succeed on a weight-of-the-evidence challenge. (Respondent's Answer, Exhibit "G", at pages 15-16 (citing Commonwealth v. Hlatky, 426 Pa.Super. 66, 75-76, 626 A.2d 575, 580 (1993)). Because counsel's failure to file a meritless motion cannot be deemed deficient, the state court finding that trial counsel was not ineffective was reasonable under Strickland. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999). Accordingly, I overrule petitioner's fifth and sixth objections.

Finally, Petitioner's seventh objection argues that he is entitled to a stay of his federal habeas proceedings while he exhausts claims in state court. (As a procedural matter, I note that on December 24, 2007, petitioner filed a motion to stay these proceedings on the same grounds (Document 6). By Order dated September 20, 2008, I dismissed the motion without prejudice for petitioner to raise the issue by way of objections to the R&R. Petitioner raised the issue in his seventh objection which I overrule here. Accordingly, the magistrate judge's recommendation in the R&R that I deny the motion to stay is moot.)

Review of the PCRA docket reveals that petitioner's second PCRA petition was denied as untimely on April 14, 2008; that denial was affirmed on March 31, 2009; and his Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied on November 23, 2009. Thus, it appears that petitioner is not pursuing any state action at this time. Absent any pending state action, petitioner's habeas petition is not "mixed" and, thus, no stay is warranted. See Rhines v. Weber, 544 U.S. 269, 271, 275, 125 S.Ct. 1528, 1531, 1534, 161 L.Ed.2d 440, 448, 450 (2005). Accordingly, I overrule petitioner's seventh objection.

I find that petitioner's objections, to the extent they are not conclusory assertions or reassertions of the arguments advanced in his habeas petition, are without merit. Moreover, upon review of the R&R, and together with de novo review of this matter, I conclude that the R&R correctly determines the legal issues raised by petitioner. Accordingly, I adopt the Report and Recommendation of Magistrate Judge Strawbridge, and overrule petitioner's objections to it.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus by a Person in State Custody is denied without a hearing.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.[2]

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

[2] See Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).